```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE


BRUCE L. BYLER,                 :  CIVIL ACTION
                                :
          v.                    :  No. 09-CV-671
                                :
DEPARTMENT OF CORRECTION,       :
C/O LINDA MOSLEY (FLAMER),      :
SGT. DOANE, and UNKNOWN         :
DEFENDANT TO BE NAMED LATER,    :
```

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                          **November 2, 2009**

Plaintiff Bruce L. Byler ("Plaintiff"), a pro se prisoner currently confined at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this lawsuit alleging violations of his constitutional rights. Because Plaintiff proceeds in forma pauperis and some of his allegations are barred by the Eleventh Amendment, the court will dismiss those claims raised against the Delaware Department of Correction ("DOC"). Some of Plaintiff's allegations, if true, may entitle him to relief. The court will, therefore, order service upon specific defendants on what, at this time, appear to be cognizable Claims. Additionally, the court will deny without prejudice Plaintiff's Request for Counsel. (D.I. 5.)

**PLAINTIFF'S FACTUAL ALLEGATIONS**

Plaintiff, who is white, alleges that on July 15, 2009, C/O Linda Mosley (Flamer) ("Mosley"), who is black, ordered him to exit the cell block and stand in the entrance of the housing unit for approximately twenty to thirty minutes while wearing nothing

but his boxers and shower shoes. (D.I. 2, D.I. 3, grievance report.) Plaintiff had taken a shower, but had forgotten his pants, and left the shower wearing only his briefs. (D.I. 3, grievance report.) It was at this time that Mosley saw him and ordered him to stand in the entrance. Plaintiff alleges that during this time nearly two hundred inmates going to and from the commissary were required to pass by him. He was subjected to "all types of cat calls and sexual inuendos [sic]" from inmates offering sexual comments on what they wished to do to him. (D.I. 2, D.I. 3, Aug. 3, 2009 letter.) Plaintiff was "publicly humiliated and his dignity as a man was violated." (Id.) Defendant Sgt. Doane ("Doane"), the officer in charge, was aware of the situation, but did or said nothing even though he came out of his office twice. (Id.) Plaintiff alleges that the previous day a black inmate "got caught" by Mosley, but received only a warning. (D.I. 3, grievance report.)

As a result of the incident, Plaintiff is receiving mental health treatment. (D.I. 3, Aug. 3, 2009 letter.) He seeks three million dollars for mental, physical, spiritual, and actual damages; cruel and unusual punishment; sexual harassment; and jeopardizing his physical safety.

## DISCUSSION

### I.  *LEGAL STANDARD*

This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are

frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008)(not published); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). "To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, -U.S.-, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when its factual content allows the court to draw a reasonable inference that Defendant is liable for the misconduct alleged.  Id.  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id.  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements."  Id.  "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief."  Id. (quoting Fed. R. Civ. P. 8(a)(2)).  Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

*II. Eleventh Amendment Immunity*

Named as a Defendant is the DOC. The DOC is an agency of the State of Delaware. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); Edelman v. Jordan, 415 U.S. 651 (1974). The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. Brooks-McCollum v. Delaware, 213 F. App'x 92, 94 (3d Cir. 2007) (not published) (citations omitted). Based upon the foregoing, the court will dismiss the DOC as a Defendant pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as it is immune from suit.

*III. Forced Display in a State of Undress*

Plaintiff alleges that Mosley's acts constitute sexual harassment. Additionally, the facts in the grievance report refer to an Equal Protection claim due to her alleged acts. Finally, the allegations of the complaint point to a possible Fourth or Eighth Amendment violation against Mosley and Doane. Both amendments have been used to analyze claims that guards have observed unwilling inmates naked. See Solan v. Ranck, Civ. No. 06-048, 2007 WL 4111424, at *6, 9 (M.D. Pa. Nov. 16, 2007), aff'd, 326 F. App'x 97 (3d Cir. 2009) (not published), cert. denied, –U.S–, 2009 WL 1976668 (2009) (Eighth Amendment violation

when inmate was deliberately placed on display, naked, in front of several female guards and at least one hundred other prisoners with the objective component satisfied by the unnecessary nakedness and the subjective component satisfied by the intent to humiliate in doing so, but defendants granted qualified immunity); see also Johnson v. Phelan, 69 F.3d 144, 147 (7th Cir. 1995) (claim that female guards were allowed to observe male inmates naked should be analyzed under the Eighth Amendment); Canedy v. Boardman, 16 F.3d 183, 1895 (7th Cir. 1994) (The Fourth Amendment protects an inmate against the forced observation of his naked body, and it is an even greater invasion of privacy to be viewed naked by the opposite sex). Granted, Plaintiff was not placed on display naked. Nonetheless, the difference between being placed on display in front of hundreds of individuals naked, versus wearing boxers, is one of degree, rather than of kind. Cf. Brannum v. Overton County Sch. Bd., 516 F.3d 489, 495 (6th Cir. 2008)(violation of Fourth Amendment rights when surveillance camera videotaped students in locker rooms in various states of undress).

    Plaintiff's pro se status, together with the specific factual allegations, permit the inference that it is plausible Plaintiff's constitutional rights were violated. Accordingly, Plaintiff will be allowed to proceed against Mosley and Doane.

*IV. Request For Counsel*

Plaintiff requests counsel on the grounds that the legal issues are beyond his comprehension, he has limited access to the law library and limited access to individuals for affidavits and depositions, counsel for Defendants is seasoned and educated giving Defendants an advantage over Plaintiff, his claim is legitimate, he is now receiving mental health care as a result of the incident and the medication makes it difficult for him to concentrate, he fears retaliation, he fears the legal documents he acquires for this case will be taken from him, and he needs someone to protect his rights.  (D.I. 5.)

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  It is within the court's discretion to seek representation by counsel for Plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:(1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.  Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the court is not persuaded that the request for counsel is warranted at this time. Plaintiff has demonstrated an ability to present his claims and there is no evidence that prejudice will result in the absence of counsel.  Moreover, this case is in its early stages and the remaining Defendants have yet to be served.  Therefore, the court will deny without prejudice the Request For Counsel.  (D.I. 5.)

## CONCLUSION

The court will dismiss all claims against the DOC by reason of its Eleventh Amendment immunity pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Plaintiff will be allowed to proceed against the remaining Defendants.  Plaintiff's Request for Counsel will be denied without prejudice.

An appropriate Order follows.

```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF DELAWARE


BRUCE L. BYLER,                   :   CIVIL ACTION
                                  :
        v.                        :   No. 09-CV-671
                                  :
DEPARTMENT OF CORRECTION,         :
C/O LINDA MOSLEY (FLAMER),        :
SGT. DOANE, and UNKNOWN           :
DEFENDANT TO BE NAMED LATER,      :
```

## ORDER

**AND NOW**, this  2nd  day of  November , 2009, for the reasons set forth in the preceding Memorandum and Order, **IT IS HEREBY ORDERED** that:

    1. The Clerk of Court shall cause a copy of this Order to be mailed to Plaintiff.

    2. Plaintiff's Request for Counsel is **DENIED without prejudice**. (D.I. 5.)

    3. Plaintiff's claim against Defendant Delaware Department of Correction is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

    4. Plaintiff has named an "Unknown Defendant To Be Named Later." When Plaintiff learns the identity of the Unknown Defendant, he shall immediately move the Court for an order directing amendment of the caption and service of the Complaint on him.

    5. The court has identified what appear to be cognizable claims against the remaining Defendants C/O Linda Mosley (Flamer) and Sgt. Doane. Plaintiff is allowed to **PROCEED** against these Defendants.

**IT IS FURTHER ORDERED** that:

1. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), Plaintiff shall provide the court with **original** "U.S. Marshal-285" forms for remaining **Defendants C/O Linda Mosley (Flamer) and Sgt. Doane**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to Del. Code Ann. tit. 10, § 3103(c). Plaintiff has provided the court with copies of the complaint and supporting memorandum (D.I. 2, 3) for service upon the remaining Defendants and the Attorney General. **Plaintiff is notified that the United States Marshals Service will not serve the complaint and memorandum until all "U.S. Marshal 285" forms have been received by the Clerk of Court. Failure to provide the "U.S. Marshal 285" forms for the remaining Defendants and the Attorney General within 120 days from the date of this Order may result in the Complaint being dismissed or Defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

2. Upon receipt of the form(s) required by paragraph 1 above, the United States Marshals Service shall forthwith serve a copy of the complaint and memorandum (D.I. 2, 3), this Order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the Defendant(s) so identified in each 285 form.

3. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a

Defendant, the United States Marshals Service shall personally serve said Defendant(s) and said Defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

    4. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

    5. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

    6. **NOTE: \*\*\*** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). **\*\*\***

    7. **NOTE: \*\*\*** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

```
                              BY THE COURT:


                              s/J. Curtis Joyner
                              J. CURTIS JOYNER,         J.
```